UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James R. McNeil

    v.                              Case No. 21-cv-261-JL

Hooksett Police Department
Detective Brian Williams et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff James R. McNeil, a prisoner at the Northern New Hampshire Correctional Facility, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and his rights under state law.  The complaint (Doc. No. 1) is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints seeking relief from government employees or entities.

---

[1] In his complaint, the plaintiff identifies the following defendants: Hooksett Police Department Det. Brian Williams, New Hampshire Attorney General Drug Task Force ("DTF") Det. Sgt. Frank Cassidy, DTF Dets. Timothy Beers and Kendra Neri, and DTF Comd. Scott Sweet.

See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).  In conducting preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The court construes pro se filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Claims may be dismissed sua sponte if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See §§ 1915(e(2), § 1915A(b)(1); LR 4.3(d)(1)(A).

## Background

In May 2018, Mr. McNeil was on probation pursuant to a sentence imposed on March 26, 2018 in State v. McNeil, No. 217-2017-CR-00179 (N.H. Super. Ct., Merrimack Cty.).  Mr. McNeil alleges that while he was on probation, pursuant to the March 26, 2018 sentence, he was participating in the Merrimack County Drug Court ("Drug Court"), a program through which he was receiving intensive outpatient mental health and substance abuse treatment.

Mr. McNeil alleges that in May 2018 members of the New

Hampshire Attorney General's Drug Task Force ("DTF") were investigating heroin sales in Laconia. The DTF's "Metro Team," overseen by DTF Commander Scott Sweet, consisted of Hooksett Police Department Detective Brian Williams, DTF Detective Sergeant Frank Cassidy, Laconia Police Detective ("LPD") Kendra Neri, and DTF Detective Timothy Beers. Mr. McNeil became a target of that investigation when a confidential informant, who the DTF referred to as "IT" (hereinafter "CI") told DTF members that Mr. McNeil was selling heroin and methamphetamine in Laconia.

On May 31, 2018, the DTF Metro Team arranged for the CI to purchase drugs from Mr. McNeil while wearing a wire. Det. Williams searched the CI and the CI's car before and after the transaction. Det. Neri participated in the search of the CI's car after the transaction. During the post-transaction search of the CI's car, Det. Williams found a plastic Ziplok bag with powdery residue inside. Det. Williams described the bag as containing a white powder and stated it was tucked between the cushions of the driver's seat, while Det. Neri reported that the bag Det. Williams found in the CI's car contained a brown powder and was found in the center console of the car.

After the transaction, the CI got into his car and drove to a different location to meet with the detectives. Once there, the CI gave the detectives a plastic bag, purportedly purchased

from Mr. McNeil, that contained a brown powdery substance which was later identified as Fentanyl.[2]  When confronted with the plastic baggie found in his/her car, the CI denied that the plastic bag belonged to him/her, and said that he/she did not know how it got into the car.  The CI told Dets. Neri and Williams that he/she had just gotten the car back from an acquaintance, who had used it without the CI's permission.[3]

Det. Williams's initial police report, dated May 31, 2018, state that both searches of the CI's car resulted in "negative findings."  May 31, 2018 Det. Brian Williams DTF Initial Investigation Report (Doc. No. 1, at 49-50).  That report did not include any reference to the baggie found in the CI's car.

Det. Sgt. Cassidy later reported that when he met with Dets. Williams, Neri, and Beers on May 31, 2018, after the transaction, Det. Williams stated that he found the CI's explanation that someone other than the CI had put the bag in the CI's car to be credible.  Det. Sgt. Cassidy directed Det. Neri to log the baggie with powdery residue found in the CI's car into evidence at the LPD, and "instructed Det. Neri and

---

[2] According to Mr. McNeil, the defendants' reports of the alleged May 31, 2018 sale do not say that the CI specifically stated that the brown powdery substance had been purchased from Mr. McNeil.

[3] The CI refused to identify his/her acquaintance to the DTF Metro Team detectives.

Williams to let the CI know that it had been placed into evidence in the event that anything else was ever found on the CI again, then I would refer case [sic] for prosecution." Jan. 22, 2019 Det. Sgt. Frank Cassidy Investigation Report (Doc. No. 1, at 73). Det. Neri placed the baggie in evidence, as instructed, in a separate case and did not identify the baggie as evidence in or related to the alleged drug sale by Mr. McNeil.

On September 18, 2018, Det. Williams applied for an arrest warrant for Mr. McNeil based on Mr. McNeil's alleged May 31, 2018 sale of Fentanyl to the CI. In the affidavit submitted in support of his arrest warrant application, Det. Williams stated: that he searched the CI and the CI's car before the transaction, and those searches "resulted in negative findings," Doc. 1, at 42; that while he and Det. Neri followed the CI, the CI drove to Mr. McNeil's house; that Det. Sgt. Cassidy drove past Mr. McNeil's house during the alleged transaction and saw the CI's car parked in the driveway; that Dets. Williams and Neri saw the CI then get into his/her car, back out of the driveway, and drive to a prearranged meeting place; that the CI then got out of the CI's car, handed Det. Williams a bag containing "tan powder," and then got into Det. Neri's car; that Det. Williams then searched the CI's car "with negative results," id. at 43; and that Det. Williams listened to the recording from the wire

5

worn by the CI during the alleged sale, "but the conversation was too low to make out what was said," id. at 44.

A justice of the peace issued the arrest warrant on September 18, 2018. On October 1, 2018, Mr. McNeil was arrested on that warrant at the Merrimack County Superior Court ("MCSC") while he was attending a Drug Court hearing. On October 1, 2018, Det. Williams submitted a "Probable Cause Affidavit" to the Belknap County Superior Court reiterating his previous statements that his searches of the CI's car before and after the May 18, 2018 transaction resulted in "negative findings." Oct. 1, 2018 Probable Cause Aff. (Doc. No. 1, at 46).

On October 2, 2018, Mr. McNeil's probation officer submitted a violation of his against Mr. McNeil in the MCSC based on Mr. McNeil's October 1, 2018 arrest for the alleged May 31, 2018 drug sale. Mr. McNeil was held without bail on the probation violation, pursuant to a detention order issued by the New Hampshire Department of Corrections. On December 6, 2018, Mr. McNeil was indicted by a grand jury sitting in Belknap County on one count for the alleged May 31, 2018 sale of narcotic drugs to the CI.

On December 7, 2018, the day after Mr. McNeil was indicted and more than six months after the alleged drug sale, Det. Williams completed a supplemental report about the May 31, 2018 transaction, stating that when searching the CI's car after the

alleged drug transaction, he found a plastic bag containing a white powdery substance in the CI's car.  On January 22 and 23, 2019, almost eight months after the alleged drug sale, Det. Neri, Det. Sgt. Cassidy, and Det. Beers each completed supplemental investigative reports concerning the May 31, 2018 transaction.  Each of those supplemental reports stated that the DTF Metro Team members involved in the alleged controlled drug purchase from Mr. McNeil on May 31, 2018 met on that day and discussed the plastic bag Det. Williams found in the CI's car after the transaction.

On March 20, 2019, the indictment charging Mr. McNeil with selling narcotic drugs on May 31, 2018 was dismissed by the prosecution.  On March 26, 2019, Mr. McNeil admitted that he had violated his probation, and was sentenced in the MCSC to serve two to five years in prison.  He is currently serving that sentence.

In this action, Mr. McNeil alleges that Det. Williams lied about the circumstances of the alleged drug sale on May 31, 2018 in his initial report, in the affidavit submitted in support of the arrest warrant issued on September 18, 2018, and in the October 1, 2018 probable cause affidavit, in that he falsely stated that he did not find anything when he searched the CI's car after the alleged transaction, when in fact he found a Ziploc plastic bag containing a powdery residue during that

7

search of the CI's car. Mr. McNeil also asserts that the other defendants made misrepresentations concerning the bag found in the CI's car, and that Comd. Sweet failed to review the evidence and the audio recording concerning the alleged sale which were submitted to him for review.

### **Claims**

The Court construes the complaint to assert the following claims in this action:

1. Det. Brian Williams violated James McNeil's Fourth Amendment right not to be subjected to false arrest, malicious prosecution, and wrongful imprisonment by causing Mr. McNeil to be arrested and detained without probable cause, in that Mr. McNeil was arrested pursuant to an arrest warrant obtained by Det. Williams, and detained pursuant to Det. Williams's October 3, 2018 affidavit, filed in the Belknap County Superior Court, in support of probable cause, as both affidavits contained material false statements, and omitted material exculpatory information, resulting in Mr. McNeil's October 1, 2018 arrest, December 6, 2018 indictment, and his detention without bail from October 1, 2018 until March 20, 2019.

2. Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers violated James McNeil's Fourth Amendment right not to be subjected to false arrest, malicious prosecution, and wrongful imprisonment, by causing Mr. McNeil to be arrested and detained without probable cause, by failing to timely report Det. Williams's material false statements and omission of material exculpatory information in his initial report, arrest warrant affidavit, and probable cause affidavit, resulting in Mr. McNeil's October 1, 2018 arrest, December 6, 2018 indictment, and his detention without bail from October 1, 2018 until March 20, 2019.

3. Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers violated James McNeil's

Fourteenth Amendment right to procedural due process, and his Sixth Amendment rights to a fair trial and the effective assistance of counsel, by providing false information in support of Mr. McNeil's arrest warrant and prosecution, and by failing to produce exculpatory information to Mr. McNeil's attorney, which hampered Mr. McNeil's ability to defend himself and obtain release from detention prior to March 20, 2019.

4.   Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers violated James McNeil's Fourteenth Amendment right to substantive due process by engaging in the conduct underlying Claims 1-3, above, which constituted conduct so egregious so as to be conscience-shocking.

5.   Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers violated James McNeil's Fourteenth Amendment right to equal protection, by engaging in the conduct underlying Claims 1-3, above.

6.   Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers violated James McNeil's Eighth Amendment right not to be subjected to cruel and unusual punishment, by engaging in the conduct underlying Claims 1 - 3, above.

7.   Det. Sgt. Frank Cassidy, Det. Brian Williams, Det. Kendra Neri, and Det. Timothy Beers committed crimes by engaging in the conduct underlying Claims 1-3, above.

8.   DTF Metro Team Comd. Scott Sweet violated James McNeil's Sixth, Eighth, and Fourteenth Amendment rights, based on his responsibility for the acts and omissions of his subordinate DTF Metro Team members underlying Claims 1-3, as identified above, based on a theory of supervisory liability.

9.   The defendants violated James McNeil's rights under the ADA by arresting Mr. McNeil on October 1, 2018 during a Drug Court hearing, and incarcerating him from that date through March 20, 2019, thereby interfering with the treatment he was receiving through Drug Court for his mental health and substance abuse problems.

**Discussion**

I.  Claims Which May Be Served (Claims 1-4)

The Court finds that Mr. McNeil has asserted sufficient facts in his complaint to allow the claims identified in this Report and Recommendation ("R&R") as Claims 1, 2, 3, and 4 to be served on the defendants identified in those claims. Accordingly, in an Order issued simultaneously with this Report and Recommendation, the Court directs service of those claims on the defendants identified therein.

II.  Equal Protection (Claim 5)

"To establish an equal protection claim, a plaintiff must show that, 'compared with others similarly situated, the plaintiff was treated differently because of an improper consideration,'" such as racial or religious discrimination. Perrier-Bilbo v. United States, 954 F.3d 413, 432 (1st Cir. 2020) (quoting Kuperman v. Wrenn, 645 F.3d 69, 77-78 (1st Cir. 2011)), cert. denied, 141 S. Ct. 818 (2020).  In his complaint, Mr. McNeil makes only a passing reference to "equal protection," and has not stated any facts sufficient to show that the defendants have treated him differently than anyone with whom he is similarly situated, or that he was so treated based on an improper consideration.  Accordingly, Mr. McNeil has failed to state a Fourteenth Amendment equal protection claim, and the

District Judge should dismiss Mr. McNeil's equal protection claim identified in this R&R as Claim 5.

### III. Cruel and Unusual Punishment (Claim 6)

Mr. McNeil asserts that the defendants' conduct violated his Eighth Amendment right not to be subjected to cruel and unusual punishment. The Eighth Amendment, however, only serves to prohibit cruel and unusual punishment of convicted prisoners. See Kingsley v. Hendrickson, 576 U.S. 389, 400-01 (2015). Mr. McNeil was not a sentenced prisoner, with regard to the May 31, 2018 transaction with which this action is concerned, at any time relevant to his claims in this matter. Accordingly, the District Judge should dismiss Mr. McNeil's Eighth Amendment claim identified in this R&R as Claim 6.

### IV. Criminal Conduct Claim (Claim 7)

Mr. McNeil asserts that the defendants have engaged in criminal conduct, including perjury, false swearing, and tampering with evidence, by virtue of the acts underlying the claims asserted. "Private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and

11

alterations omitted). Mr. McNeil, therefore, cannot state a private cause of action based on the defendants' alleged violation of criminal laws. Accordingly, the district judge should dismiss Mr. McNeil's claim based on the defendants' alleged criminal conduct identified in this R&R as Claim 7.

V.   Supervisory Liability Claim (Claim 8)

Mr. McNeil alleges that Comd. Sweet is liable for the actions of his subordinates on the DTF Metro Team which violated Mr. McNeil's constitutional rights, because Comd. Sweet failed to review his subordinates' investigative reports and other materials, and thus failed to prevent the violations of Mr. McNeil's rights alleged in this action. Generally, a supervisory official, such as Comd. Sweet, is liable for a constitutional violation under § 1983 only if his own actions or inactions caused the violation, or if his conduct "led inexorably to" a subordinate's violation of the plaintiff's constitutional rights. Penate v. Hanchett, 944 F.3d 358, 367 (1st Cir. 2019); see also Justiniano v. Walker, 986 F.3d 11, 20 (1st Cir. 2021).

Mr. McNeil does not allege that Comd. Sweet himself engaged in conduct which violated his rights. Mr. McNeil also does not allege that Comd. Sweet was aware that the DTF Metro Team detectives had met and discussed the plastic bag with powdery

residue found in the CI's car.  Therefore, he has not demonstrated that reviewing the DTF Metro Team's pertinent reports would have caused him to take any different action concerning Mr. McNeil's charges, or would have resulted in the earlier production of the supplemental reports concerning the baggie found in the CI's car to Mr. McNeil and his attorney.

Stripped of legal conclusions, the complaint does not contain facts which demonstrate that, to the extent Comd. Sweet failed to review police reports prepared by his subordinates, that his actions "led inexorably" to a violation of Mr. McNeil's rights by his subordinates.  Accordingly, the District Judge should dismiss Mr. McNeil's supervisory liability claims asserted against Comd. Sweet, identified in this R&R as Claim 8, and should dismiss Comd. Sweet from this action.

VI.  ADA Claim (Claim 9)

Mr. McNeil alleges that the defendants violated the ADA by arresting him during a Drug Court hearing, as the hearing was part of his treatment for mental health issues and substance abuse disorder.  The ADA protects qualified individuals with disabilities against discrimination based on their disabilities. See Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006). Assuming, without deciding, that Mr. McNeil could assert facts to demonstrate that he is a qualified individual with a

13

disability, Mr. McNeil has not alleged facts to show that the defendants, in arresting him at a Drug Court hearing, discriminated against him because of his alleged mental health and substance abuse disabilities.  Accordingly, the District Judge should dismiss Mr. McNeil's ADA claim, identified in this R&R as Claim 9.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the claims identified in this R&R as Claims 4-9, and should also dismiss DTF Metro Team Comd. Scott Sweet from this action.  Any objections to this R&R must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 15, 2021

cc:  James R. McNeil, pro se